**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEO BROOKS, *et al.*, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Civil Action No. 08-1817 (JR) |
| | : |
| AIR LINE PILOTS ASSOCIATION, | : |
| INTERNATIONAL, | |
| | : |
| Defendant. | : |

**MEMORANDUM**

Plaintiffs, all Continental Airlines employees over sixty years old, ask this court to order their union, defendant Air Line Pilots Association International, to withdraw a grievance challenging Continental's interpretation of the Fair Treatment for Experienced Pilots Act, 49 U.S.C. § 44729. Plaintiffs allege that ALPA filed the grievance with the age-discriminatory intent of benefitting its younger members at the expense of older ones. Defendant moves to dismiss. Because plaintiffs have not yet been and may never be injured by ALPA's grievance, their claims are not ripe for adjudication. Defendant's motion will accordingly be granted.

**Background**

When enacted in December 2007, the Fair Treatment for Experienced Pilots Act, 49 U.S.C. § 44729, increased the maximum age for pilots who fly commercial airliners from 60 to 65. This increase came with a "non-retroactivity" clause stating that:

> No person who has attained 60 years of age before the date of enactment of this section may serve as a pilot for an air carrier . . . unless - (A) such person is in the employment of that air carrier in such operation on such date of enactment as a required flight deck member; or (B) such person is newly hired by an air carrier as a pilot on or after such date of enactment without credit for prior seniority or prior longevity . . . .

Translated, this provision means that individuals who were over 60 when FTEPA was passed can work as pilots, but -- unless they are "required flight deck members" -- without their accrued seniority. The cancellation of seniority is significant, because pilots are allocated work through a competitive bidding system that gives senior pilots priority in choosing the types of aircraft they will fly, their positions in the cockpit, the locations they fly from, and the trips they will work. Tr. 4:4-7.

Plaintiffs are all pilots who work for Continental as flight instructors and/or check airmen, and they were all over 60 years old when FTEPA was passed. Compl. at 2. Continental -- and apparently only Continental -- interprets the language of the statute to allow flight instructors and check airmen to be treated as "required flight deck members." Plaintiffs therefore continue to work, and their seniority is intact. *Id.*; Tr. 26:4-20.

On September 29, 2008 ALPA filed a grievance alleging that Continental's interpretation of the statute is erroneous and

that treating flight instructors and check airmen as "required flight deck member" violates its collective bargaining agreement. *Id*.  In ALPA's submission, only a flight engineer (a third flight deck crew member necessary on certain older aircraft) is a "required flight deck member."  MTD. at 2.

### Plaintiffs' Claims

Plaintiffs assert that ALPA, by filing the grievance, acted illegally in four different ways.[1]  First, they claim that ALPA violated the Age Discrimination in Employment Act, 29 U.S.C. § 623(c), which states that it is

> unlawful for a labor organization- (1) to exclude
> or to expel from its membership, or otherwise to
> discriminate against, any individual because of his
> age; (2) to limit, segregate, or classify its
> membership, or to classify or fail or refuse to
> refer for employment any individual, in any way
> which would deprive or tend to deprive any
> individual of employment opportunities, or would
> limit such employment opportunities or otherwise
> adversely affect his status as an employee or as an
> applicant for employment, because of such
> individual's age; (3) to cause or attempt to cause
> an employer to discriminate against an individual
> in violation of this section.

29 U.S.C. § 623(c); Compl. at 7-8.

Second, plaintiffs allege breach of contract, asserting violation of the union's obligation under its constitution to "represent[] . . . all members of the airline piloting

---

[1] Plaintiffs have abandoned their argument that ALPA's advocacy to members of Congress is a basis for any distinct claim.

profession; promote the interests of that profession; and safeguard the rights, individually and collectively, of its members." Compl. at 8-9.  Third, plaintiffs argue that ALPA violated the union's duty of fair representation under the Railway Labor Act, a duty that prohibits a union from making "irrelevant and invidious distinctions" between its members, *Conley v. Gibson,* 355 U.S. 41 (1957), that are "arbitrary, discriminatory, or in bad faith."  *Air Line Pilots Ass'n, Intern. v. O'Neill*, 499 U.S. 65, 67 (1991).  Compl. at 9-10; Opp. at 9-11.  Last, plaintiffs contend that ALPA somehow tortiously interfered with its own collective bargaining agreement with Continental.  Compl. at 10.

Conspicuously absent from the complaint is a request for this court to resolve the meaning of the term "required flight deck member" in 41 U.S.C. § 44729.  Defendant asserts, and plaintiffs apparently concede, that this question is initially subject to the grievance process, MTD at 8-9, the result of which can afterward be challenged in court.  MTD at 8-9; Opp. at 7; *see*, 45 U.S.C.A. § 153.

### Ripeness

Defendant's dispositive argument is that plaintiffs' claims are not ripe for adjudication because the filing of their

grievance caused no harm.[2]  The necessary inquiry asks "whether the harm asserted has matured sufficiently to warrant judicial intervention."  *Warth v. Seldin*, 422 U.S. 490, 499 n. 10 (1975). This is "a two-part analysis, evaluating [1] the fitness of the issues for judicial decision and [2] the hardship to the parties of withholding court consideration,'" *CTIA-The Wireless Ass'n v. F.C.C.*, 530 F.3d 984, 987 (D.C. Cir. 2008) (internal citation omitted).  The court may consider materials outside the pleadings.  *Venetian Casino Resort, L.L.C. v. E.E.O.C.*, 409 F.3d 359, 366 (D.C. Cir. 2005).  "The fitness of an issue for review depends, among other things, on whether it is purely legal . . . [and] whether consideration of the issue would benefit from a more concrete setting . . . ."  *CTIA-The Wireless*, 530 F.3d at 987.  "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation omitted).

      Plaintiffs concede that their employment situation has not changed: Continental continues to allow them to bid for jobs based on their seniority and has undertaken that it will do so

---

[2]This argument could also be characterized as a standing argument, i.e., that plaintiffs have not suffered a "concrete and a particularized" injury that is "actual or imminent, not conjectural or hypothetical."  *Am. Library Ass'n v. F.C.C.*, 401 F.3d 489, 493 (D.C. Cir. 2005).  On the facts of this case "standing and ripeness boil down to the same question . . . ." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128 n. 8 (2007).

until the grievance process is resolved.  Tr. 26:4-20.
Plaintiffs also acknowledge that at least one <u>individual</u> has brought a grievance against Continental challenging the airline's application of 49 U.S.C. § 44729, ensuring that the question raised by ALPA will be decided via the grievance process one way or another.  Tr. 30:9-10.  This case is therefore not fit for judicial review and the plaintiffs will suffer no harm by its dismissal.

Plaintiffs none the less insist that they are harmed by the mere possibility that the grievance could be resolved against them, and by their union' adoption of an allegedly discriminatory position contrary to their interests,[3] but the case authority they cite for that proposition is not compelling.  In *Lorance v. AT & T Technologies, Inc.*, 490 U.S. 900 (1989), the Court was faced with an employee's challenge to an allegedly discriminatory change in a seniority system.  It found that case ripe because the contested change imposed a "less desirable seniority guarantee than what the law requires," a situation likened to "when an insurance company delivers an accident insurance policy with a face value of $10,000, when what has been paid for is a face value of $25,000."  *Lorance*, 490 U.S. at 907, n.3.

---

[3] ALPA's claim may also be protected by the First Amendment because it is non-frivolous and was filed in a grievance process that appears to be a mandatory precursor to litigation in an Article III court.  *See, Whelan v. Abell*, 48 F.3d 1247, 1254 (D.C. Cir. 1995) (*citing, Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731 (1983)).

*Riva v. Com. of Mass.*, 61 F.3d 1003, 1011 (1st Cir. 1995) involved a challenge to changes in a disability retirement benefit plan. The panel found the challenge ripe and justiciable because it was "highly probable" that the plaintiff would lose benefits, even if the losses would not happen for several years. *Riva*, 61 F.3d at 1011.

*Lorance* and *Riva* both involved changes to plans by employers that, left unchallenged, were certain or quite likely to affect the plaintiffs at some point. Here, by contrast, the change plaintiff's fear is by no means certain to occur. Moreover, the union that plaintiffs seek to hold responsible for the change they fear can only advocate for its interpretation of the statute -- ALPA will not control the outcome. Plaintiff's existential dread -- their fear that ALPA may succeed with its advocacy -- is not "harm" that has matured sufficiently to warrant judicial intervention." *Warth*, 422 U.S. at 499 n. 10.

*   *   *

The defendant's motion to dismiss, Dkt.# 9, will be granted in an appropriate order that accompanies this memorandum.


                                    JAMES ROBERTSON
                              United States District Judge